UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DEMETRIUS M. BOYD,
            Petitioner,

v.                                                               Case No. 12-cv-388

GARY BOUGHTON,
            Respondent.
_____

## ORDER

Demetrius Boyd, pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was assigned to Magistrate Judge Callahan, and on August 13, 2013, Judge Callahan granted petitioner's motion to appoint counsel and recruited attorney Brian Fahl to represent petitioner. Attorney Fahl filed an amended petition in November 2013, and Judge Callahan denied the petition on August 1, 2014. Attorney Fahl represented petitioner on appeal. On August 14, 2015, the Seventh Circuit affirmed Judge Callahan's denial of the habeas petition. On August 24, 2015, petitioner filed a "motion to rescue habeas corpus" in this court. Because Judge Callahan has retired, the case was reassigned to me. I address petitioner's motion now.

In his motion, petitioner complains about certain actions Attorney Fahl took while representing him in this case. Specifically, he complains that Attorney Fahl "abandon[ed] newly discover[ed] evidence," "would not file a [Wis. Stat. § 974.06] motion regarding the two claims he raised in the amended habeas petition," "relied on case law(s) instead of certifide[sic] evidence," and failed to argue certain issues, including an issue about petitioner's bail conditions, that petitioner feels should have been raised. Motion to Rescue at 2–4 (ECF No. 50). Petitioner also seems to argue that Attorney Fahl had a conflict of

interest in representing him because he once represented an involved police officer in a different case. As relief, petitioner asks me to "take what-ever necessary steps to rescue [his] appeal rights before the door to justice close[sic]." *Id.* at 5. On August 31, 2015, petitioner filed a similar motion in the Seventh Circuit titled "request for appointment of effective representation," which was denied. *Boyd v. Boughton*, No. 14-2809, Order at 1 (7th Cir. Sept. 17, 2015) (ECF No. 40).

Petitioner's motion is unclear, but he appears to be asking me to set aside the judgment, appoint a new lawyer, and re-litigate his habeas petition, allowing him to raise different claims than those Attorney Fahl raised. I cannot grant petitioner's motion for several reasons. First, Federal Rule of Civil Procedure 60(b) allows me to grant a party relief from judgment, but "the Rules of Civil Procedure apply in habeas proceedings only to the extent that they are not inconsistent with federal statutory provisions and rules." *Freeman v. Chandler*, 645 F.3d 863, 867 (7th Cir. 2011). 28 U.S.C. § 2244(b) does not allow a petitioner to bring a second or successive habeas petition that raises claims that either (1) were raised in a previous petition or (2) were not raised in a previous petition unless petitioner relies on a new rule of constitutional law that is retroactive, the factual predicate for the claim could not have been discovered previously, or the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. I must treat a Rule 60(b) motion as a second or successive habeas petition and deny it if the motion attempts to raise new claims that fall into these categories. *See Freeman*, 645 F.3d at 867–68 ("[W]here a Rule 60(b) motion raises arguments

2

forbidden by 28 U.S.C. § 2244(b)(1) or (b)(2), it will amount to an impermissible successive petition and the district court will lack jurisdiction."). Here, petitioner's motion does this. He argues his habeas counsel did not raise the claim regarding bail conditions during the initial litigation of his habeas petition and seeks to raise it now after the judgment has been affirmed by the Seventh Circuit. The claim is not based on new law, petitioner knew the facts underlying the claim at the time his initial habeas petition was litigated, and the facts presented do not lead me to conclude that no reasonable factfinder would have found petitioner guilty. Thus, petitioner's Rule 60(b) petition is barred as second or successive.

Even if I were to consider petitioner's motion on its merits, it fails. An appellate mandate severely limits the kinds of consideration open for the district court. *Barrow v. Falck*, 11 F.3d 729, 731 (7th Cir. 1993). Unless plaintiff raises the sort of circumstances that justify modification under Fed. R. Civ. P. 60(b), I must take the appellate decision as conclusive. *Standard Oil Co. v. United States*, 429 U.S. 17 (1976). Relief from judgment under Rule 60(b) is "an extraordinary remedy granted only in exceptional circumstances." *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000), *cert. denied*, 531 U.S. 1199 (2001). Petitioner does not invoke any specific grounds for relief from judgment under Rule 60(b)(1)–(5), so his motion falls under the "catch-all" provision, which permits relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6)*; Nash v. Hepp*, 740 F.3d 1075, 1078 (7th Cir. 2014). Petitioner's argument that his counsel was ineffective does not justify such extraordinary relief. "Petitioners do not have a constitutional right to counsel in collateral proceedings . . . and thus ineffective assistance of counsel does not constitute cause for failure to argue claims during a habeas

proceeding." *Henderson v. Nelson*, 124 F.3d 204 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 755 (1991)); *see also Pennsylvania v. Finley*, 481 U.S. 551, 559 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").

Further, petitioner presented these same arguments regarding Attorney Fahl's performance and his bail conditions claim to the Seventh Circuit in request for effective representation, and the Seventh Circuit denied them. I will not now rule differently. Petitioner had the benefit of counsel during his federal habeas proceedings, a benefit most federal habeas petitioners do not enjoy. He may not now use that benefit to get a second bite at the apple.

**THEREFORE, IT IS ORDERED** that petitioner's motion to rescue habeas (ECF No. 50) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of October, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge